UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANG MIN LEE, | ) | CASE NO. 4:06CV0647 |
| | ) | |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| MARK HANSEN, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

CHRISTOPHER A. BOYKO, J.:

On March 21, 2006, pro se petitioner Sang Min Lee filed the above-captioned habeas corpus action against Mark Hansen, District Director for the United States Citizenship and Immigration Services in Cleveland Ohio, and Warden T. R. Sniezek at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) pursuant to 28 U.S.C. § 2241. Incarcerated at the F.C.I. Elkton, Mr. Lee is seeking a judgment from this court declaring his United States citizenship, issuance of a Certificate of Naturalization and the removal of a detainer lodged against him by Director Hansen.

*Background*

Mr. Lee was born in Masan, South Korea on February 2, 1980. His parents were divorced on April 25, 1983 and his mother subsequently immigrated to the United States. On May 21, 1985, petitioner's mother married a citizen of the United States. Less than one year later, she became a naturalized citizen of the United States on April 18, 1986.

More than six years after his mother became a citizen, Mr. Lee immigrated to the United States at the age of twelve. He claims he remained with his mother and was "afforded lawful permanent residence in the U.S. as a child in the custody of his Mother, a naturalized U.S. Citizen." (Pet. at 2.) He asserts that he is entitled to automatic citizenship under section 320 of the Immigration and Nationality Act, 8 U.S.C. §1431, because he lived with his naturalized parents while less than 18 years old.

At the age of twenty-one, Mr. Lee was sentenced on July 10, 2001 to 87 months in prison for armed bank robbery in the United States District Court for the Eastern District of North Carolina. His projected date of release from prison is July 9, 2007.

A Notice of Action Immigration Detainer was directed to F.C.I. Elkton by the Immigration and Naturalization Service (I.N.S.) on January 28, 2002. The detainer notice advised the records office at F.C.I. Elkton that the I.N.S. initiated an investigation to determine whether Mr. Lee will be subject to removal from the United States at the termination of his prison term. As such, the Service requested 30 days notice prior to Mr. Lee's scheduled release date from prison or before he were transferred to another facility.

*Analysis*

In his petition before this court, Mr. Lee contends that the detainer lodged by

respondent Hansen is causing respondent Sniezek to deny him access to "rehabilitative programming" at F.C.I. Elkton. He maintains that 8 U.S.C. § 1434, as set forth in §320 of the INA is self executing and automatically entitles him to naturalized citizenship.[1] From this he concludes he is not subject to removal proceedings and the detainer must be lifted.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Here, Mr. Lee alleges that the detainer lodged against him and served on F.C.I. Elkton is preventing him from participating in "rehabilitative programming" at the prison. He avers that the detainer must be removed by I.N.S. because, as a matter of law, he is a United States citizen. Inasmuch as a district court must direct a writ of habeas corpus "to the person having custody of the person detained," 28 U.S.C. § 2243, this court must first determine whether Mr. Lee is in fact in the custody of the I.N.S. See 28 U.S.C. § 2241(c) (providing that a § 2241 habeas petition will not issue unless the petitioner is in custody).

The law is well established that a prisoner cannot challenge an immigration detainer

---

[1] The provision to which Mr. Lee refers is the Child Citizenship Act (CCA) of 2001, which became effective February 27, 2001. Courts have held that where an alien was over the age of eighteen on the effective date of the Act he does not qualify for automatic citizenship under the CCA, which does not apply retrospectively. This is true even if his mother was a citizen of the United States. See Ali v. Ashcroft, 395 F.3d 722, 726 (7th Cir. 2005); Dave v. Ashcroft, 363 F.3d 649, 654 (7th Cir.2004); see also, In Re Rodriguez-Tejedor, 23 I. & N. Dec. 153, 2001 WL 865412 (BIA 2001); Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir.2003).

3

until he has actually passed into I.N.S. custody. Presently, Mr. Lee is still serving the prison sentence imposed by the District Court of North Carolina and is, therefore, in the sole custody of the BOP, not the I.N.S.. Thus, he cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241(c). The mere fact that a detainer has been lodged by the I.N.S. against Mr. Lee does not mean he is "in custody" of I.N.S. See Prieto v. Gluch, 913 F.2d 1159, 1162- 64 (6th Cir.1990). The detainer only constitutes a notice that the I.N.S. may seek custody of the prisoner in the future; it does not confer custody to I.N.S. See Id.. Because a detainer is only a notice and does not alter the prisoner's status as a custodial detainee of the federal prison system, he "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988). Therefore, this court lacks personal jurisdiction over the party to whom the writ is directed and the petition must be dismissed without prejudice.

*Citizenship Claim*

Mr. Lee's secondary argument that he would not be subject to deportation because he is a naturalized citizen of the United States cannot proceed. Even if the issue were ripe for review, this court lacks jurisdiction over that claim because the immigration laws set forth a procedure under which the courts of appeals, not the district courts, have jurisdiction to determine citizenship claims of criminal aliens. See 8 U.S.C. § 1252(b)(5); see also Alvarez-Garcia v. United States I.N.S., 234 F.Supp.2d 283, 290 (S.D.N.Y.2002)("criminal aliens are required to bring petitions for review of citizenship and nationality claims in the courts of appeals."). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") vested jurisdiction over nationality claims in the Court of Appeals. See 8 U.S.C. § 1252(b)(5). Therefore, if Mr. Lee still

4

asserts that he is a United States national he may do so by challenging a final order of deportation with the Court of Appeals once he in the in custody of the I.N.S.[2]

Based on the foregoing, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2241. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: June 8, 2006

     s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[2] As of March 1, 2003, the I.N.S. ceased to exist. Its functions were transferred to the Department of Homeland Security (D.H.S.). The former I.N.S. is now the Bureau of Immigration and Customs Enforcement ("BICE").